**1380**

STATE of Delaware

v.

John P. ROOKS and Thomas R. Young, Defendants.

Superior Court of Delaware, Sussex.

Submitted Oct. 11, 1977.

Decided Oct. 20, 1977.

Merritt Burke, III, Deputy Atty. Gen., Dept. of Justice, Georgetown, for State.

Robert C. Wolhar, Jr., of Wolhar & Moore, Georgetown, for defendant Rooks.

Thomas J. Stumpf, Georgetown, for defendant Young.

O'HARA, Judge.

A number of motions have been filed on behalf of defendants in this action which are currently scheduled for joint trial commencing October 31, 1977.

Defendant Young moves to dismiss the indictment against him on the ground that he has been deprived of his right to a speedy trial. Young was originally indicted many months following the events which occurred and form the basis of the present actions. Subsequently, charges against defendant Young were nol-prossed by the State. Some 14/16 months later defendant Young was reindicted. In the course of these proceedings the defendant Young on one occasion returned voluntarily from California, where he had been living, after ascertaining through his own efforts that an indictment had been returned against him and, on the second occasion, was extradited from California.

■ Young's motion is primarily directed to the time which elapsed between his returning from California voluntarily and his being returned to Delaware to face the second indictment. Admittedly this involved a substantial amount of time which has been an important factor considered in granting such motions to dismiss. However, the Court feels that here the defendant Young has not demonstrated any special prejudice to him beyond the lapse of time itself. Counsel attempts to make much about the unavailability of witnesses to support his defense of alibi but, on the other hand, such witnesses were unavailable when the defendant faced the first indictment or, as to those that were and still are available, could offer only slightly more

support to defendant's alibi then than at the present.

Additionally, the Court must look to the reasons for the delay. If such delay was clearly the unexcused fault of the State, then even slight prejudice to the defendant might be enough to support the granting of such a motion. In this instance, the nolle prosequi was entered by the State for three basic reasons: 1) the defendant had taken and "passed" a sodium pentothal truth serum examination with respect to his culpability; 2) his counsel at the time had indicated to the prosecutor that he had alibi witnesses available who would support defendant's statement, while under the influence of sodium pentothal, with respect to the activities on the day in question; and 3) evidence aliunde was relatively weak against defendant Young. The State, however, maintained its indictment position against co-defendant Rooks and also reindicted co-defendant Reynolds who recently went to trial separately. The State's investigation with respect to the homicide involved continued throughout the period and developed, only lately, two important pieces of evidence which were not known or available earlier: 1) the testimony of one Miles Cuffee, who testified in the Reynolds case, pertaining to a conversation in which defendant Young implicated both defendant Young and defendant Rooks in the events in question; and 2) another witness who has just been located who stands ready to testify that on the day in question he loaned his automobile to the defendant Young at or about the crucial time period, in direct conflict with defendant Young's alibi contention. It seems to the Court that the State has not been dilatory and that the prejudice to the defendant Young, if any, is slight as a consequence of the delay involved. It is the Court's conclusion, therefore, that defendant Young's motion to dismiss must be denied.

Defendant Rooks has moved for a severance, pursuant to Superior Court Criminal Rule 14, based upon the anticipated testi-

mony of the witness Miles Cuffee which the Court has alluded to above. It is the Court's understanding that with respect to the defendant Rooks the witness Cuffee testified that the defendant Young said that the defendant Rooks was waiting outside in the getaway automobile while he and Reynolds were in the process of robbing the victim. The Young statement, via Cuffee, would thus implicate the defendant Rooks as a participant in the event. It is the Court's further understanding, based upon comments at argument on the motion, that the State does intend to rely upon the Cuffee testimony in the joint trial presently scheduled.

 The United States Supreme Court in *Bruton v. U. S.,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) reversed a long-standing practice which permitted a trial Judge to instruct a jury that a statement of a defendant could be considered by them in considering his guilt but should be disregarded with respect to a co-defendant who was implicated in the statement. At issue is the effect of the Sixth Amendment Confrontation Clause. The *Bruton* Court concluded that the Confrontation Clause was not met by such instruction. The State's position here, as the Court understands it, simply is that the *Bruton* Court and others which have dealt with this problem were dealing only with the confession or statement of one defendant made to the police and that here the statement involved was heard by a non-police witness and should be treated via the older method of jury instruction. The Court cannot agree with this argument. A reading of the Court's rationale in the *Bruton* case, as well as the Court in *People v. Aranda,* Cal.Supr., 63 Cal.2d 518, 47 Cal.Rptr. 353, 407 P.2d 265 (1965), lead inescapably to the conclusion that it makes no difference from whence cometh the pretrial statement of one defendant implicating another. For a case directly in point see *Calloway v. United States,* 130 U.S.App.D.C. 273, 399 F.2d 1006 (1968). See also *United States v. Truslow,* 530 F.2d 257 (1975).

 It is the Court's conclusion here that the Confrontation Clause requirement has not been met in connection with the testimony of the witness Cuffee with respect to the defendant Rooks. Having reached this conclusion, the Court suggests that the State adopt one of the following three options: 1) carefully instruct the witness Cuffee that in his testimony he must not, directly or indirectly, refer to the defendant Rooks; or 2) not use the witness Cuffee's testimony at all in the joint trial; or 3) proceed to try the defendants separately. The State must advise defense counsel of which option it will follow by Monday, October 24, 1977.

 As an alternative, defendant Young has filed a motion for a continuance based upon the unavailability of a witness. The State and the defense had agreed, in writing, that if the defendant would submit to a sodium pentothal truth serum test that the results would be admissible at trial. The test was administered by Dr. T. R. Huxtable, Jr., State Psychiatrist. The defense deems the results of that test to be favorable to defendant Young and for that reason are anxious to call Dr. Huxtable as a defense witness. Unfortunately, Dr. Huxtable has recently suffered a heart attack and has been incapacitated for some time. His current status, which the Court has personally checked upon, is that he would be unavailable as an in-court witness for an indefinite period of time. However, the Court has determined that Dr. Huxtable would be available for a deposition in Wilmington or Georgetown at a time and place to be arranged prior to the date of trial. The defendant objects to presenting the Huxtable testimony by way of deposition, arguing that the testimony would be more effective if presented in person. However, the Court takes notice of the fact that the cases have had a long history of difficulty with respect to proceeding to trial and that a continuance at this stage would necessitate further delay. Additionally, it is not at this time certain when Dr. Huxtable would be available for the taking of his in-court testimony. Under the circumstances the

Court, in the exercise of its discretion, has determined that defendant's motion for a continuance should not be granted and that defendant be afforded an opportunity to take Dr. Huxtable's testimony for use at trial.

It is the Court's understanding that all other motions which have been filed have either been determined heretofore, have been withdrawn because of State compliance or involve matters which are in the process of being resolved and need no decision at this time.

For the reasons herein set forth, the Court has concluded that defendant Young's motion to dismiss should be denied, defendant Rooks' motion for severance is to be resolved in accordance with this opinion and defendant Young's motion for continuance because of the unavailability of the witness Huxtable should be denied.

IT IS SO ORDERED.